## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ANNETTE CURRY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 14-1908** |
| **LOU RIPPNER, INC.** | **SECTION: "G"(4)** |

### ORDER

Before the Court is Defendant Lou Rippner, Inc. d/b/a Lou Rippner's Compass Furniture's ("Defendant") "Motion to Dismiss Pursuant to Rule 12(b)(6)."[1] Having considered the motion, the memoranda in support and in opposition, the record, and the applicable law, the Court will grant the motion.

### I. Background

Curry, an African American woman, brings claims of sexual harassment and race discrimination against Defendant, her former employer.[2] In her complaint, Curry alleges that on several occasions, a co-employee made unwanted and sexually suggestive remarks toward her.[3] Curry alleges that she reported these remarks to management, but no action was taken and no investigation was conducted.[4] According to the complaint, on July 30, 2012, the same co-employee "ran his fingers through petitioner's hair while at work on the sales floor. Petitioner asked him to stop, but he attempted this action again."[5] Curry alleges that she again complained to management,

---

[1] Rec. Doc. 4.

[2] Rec. Doc. 1.

[3] *Id.* at ¶ 4.

[4] *Id.* at ¶ 5.

[5] *Id.* at ¶ 6.

but that no action was taken against the co-worker.[6] According to the complaint, "the employer advised Curry that 'we can't have you people doing these things in our store,' and subsequently terminated Curry's employment."[7] Curry alleges that "the actions of defendant" constitute sexual harassment and racial discrimination.[8]

Curry filed the complaint in this lawsuit on August 20, 2014.[9] Defendant filed the pending motion to dismiss for failure to state a claim on November 19, 2014.[10] Curry filed a memorandum in opposition on December 3, 2014,[11] and Defendant filed a reply memorandum on December 9, 2014.[12]

## II. Parties' Arguments

### A.    Defendant's Arguments in Support of Dismissal

Defendant first argues that Curry's complaint fails to support a claim of race discrimination because Curry fails to allege how her race played a role in the decision to terminate her employment.[13] According to Defendant, Curry cannot merely invoke her race and automatically be entitled to pursue relief. Rather, Defendant argues, she must allege facts demonstrating that race

---

[6]  *Id.* at ¶ 7.

[7]  *Id.* at ¶ 8.

[8]  *Id.* at ¶ 9.

[9]  *Id.*

[10] Rec. Doc. 4.

[11] Rec. Doc. 5.

[12] Rec. Doc. 8.

[13] Rec. Doc. 4-1 at p. 4.

was the reason for Defendant's actions.[14] Defendant contends that Curry may attempt to argue that the employer's alleged statement "we can't have you people doing these things in our store" is evidence of discrimination.[15] However, according to Defendant, the phrase "you people" is not inherently a racially-motivated statement and, moreover, a stray remark or isolated comment does not create an inference of racial discrimination.[16] Defendant argues that Curry's subjective belief of discrimination, however genuine, cannot be the basis of judicial relief.[17]

Next, Defendant argues that the allegations in the complaint do not support a claim for sexual harassment because, to establish a *prima facie* case of sexual harassment under Title VII, a plaintiff must establish that (1) she belongs to a protected group; (2) she was subjected to unwelcome harassment; (3) the harassment complained of was based on a prohibited ground; (4) the harassment complained of affected a term, condition, or privilege of employment; and (5) the employer knew or should have known of the harassment in question and failed to take prompt remedial action.[18] According to Defendant, Curry cannot satisfy the fourth prong of the *prima facie* test because the incidents alleged in the complaint do not "rise to the necessary level of severity or pervasiveness."[19] Defendant cites *Alaniz v. Zamora-Quezada* to support its argument that Curry's allegations of "few suggestive remarks and one incident of hair-touching do not suggest a workplace permeated with

---

[14] *Id.*

[15] *Id.*

[16] *Id.* at p. 5 (citing *Stone v. Parish of East Baton Rouge*, 2008 WL 4534374 at *7 (M.D. La. 2008) *aff'd*, 329 Fed. App'x 542 (5th Cir. 2009);

[17] *Id.* (citing *E.E.O.C. v. La. Office of Cmty. Serv.*, 47 F.3d 1438, 1448 (5th Cir. 1995)).

[18] *Id.* at pp. 6–7 (citing *Buisson v. Bd. of Supervisors of Louisiana Cmty. & Technical Coll. Sys.*, 2013 WL 6000592 (E.D. La. 2013)).

[19] *Id.* at p. 7.

discriminatory intimidation, ridicule, and insult that were sufficiently severe or pervasive to have altered the conditions of the Plaintiff's employment."[20] Defendant contends that the allegations stated in the complaint constitute simple teasing, offhand comments, and isolated incidents, which did not affect a term, condition, or privilege of Curry's employment.[21] Defendant avers that Curry failed to provide any details or information about the alleged "sexually suggestive" remarks, and that Curry's allegation that a co-worker ran his fingers through her hair is a "single, relatively minor act" that is insufficient to support a hostile environment claim.[22] Defendant cites several cases to support this argument, including *Chelette v. State Farm Mut. Auto. ins. Co.*, wherein, according to Defendant, the court found that despite "egregious allegations of harassment and offensive touching" by the plaintiff's male supervisor, the plaintiff failed to make out a *prima facie* case of sexual harassment."[23]

Defendant additionally avers that allowing Curry leave to amend her complaint to allege race discrimination would be futile because "the other employee was also African American."[24] Similarly, Defendant argues that Curry could not amend her complaint to allege a *prima facie* case of sexual harassment because "[d]uring [Defendant's] investigation of her allegations of sexual harassment, Plaintiff could only identify just one alleged remark by the co-worker, which concerned an alleged comment by him that he was going to take a picture of Plaintiff from behind."[25]

---

[20] *Id.* (citing *Alaniz v. Zamora-Quezada*, 597 F.3d 761, 771 (5th Cir. 2009)).

[21] *Id.*

[22] *Id.* at pp. 7–8 (citing *Meriwether v. Caraustar Packaging Co.*, 326 F.3d 990, 992-93 (8th Cir. 2003)).

[23] *Id.* at pp. 8–9.

[24] *Id.* at p. 5.

[25] *Id.* at p. 8.

**B.**    *Curry's Arguments in Opposition to Dismissal*

In response, Curry argues that her complaint "states adequate information to place defendant on notice of the causes of action as well as the nature and character of the events leading up to these claims and therefore compels denial of this motion."[26] Curry restates the facts alleged in her complaint, and adds that "because of inaction by management at Compass called [sic] the Jefferson Parish Sheriff's office. An outstanding warrant for the arrest of the co-worker remains in place."[27]

**C.**    *Defendant's Arguments in Further Support*

Defendant argues, first, that Curry's memorandum in opposition to the pending motion should not be considered because it was filed less than eight days before the noticed submission date of the motion, in violation of Local Rule 7.5.[28] Next, Defendant argues that Curry cites no law to support her position and presents insufficient argument based on conclusory statements.[29] With respect to Curry's race discrimination allegation, Defendant contends that a plaintiff cannot merely invoke her race in the course of a claim's narrative and automatically be entitled to pursue relief.[30] Defendant reavers that the term "you people" does not constitute a racially-based statement.[31] Defendant additionally contends that if such a comment was made by management, "it suggests reference to 'salespersons' and not to African Americans."[32]

---

[26] Rec. Doc. 5 at p. 1.

[27] *Id.* at p. 2.

[28] Rec. Doc. 8 at pp. 1–2 (citing, e.g., *Authenment v. Ingram Barge Co.*, 2012 WL 2716415 at *2 (E.D. La. 2012)).

[29] *Id.* at p. 2.

[30] *Id.* (citing *Brooks v. Pizza Hut, Inc.*, 1992 WL 245668 at *2 (E.D. La. 1992)).

[31] *Id.* at p. 3.

[32] *Id.*

With respect to Curry's sexual harassment allegation, Defendant reavers that Curry's allegations, "even if true, do not establish the requisite severity or pervasiveness which is necessary to alter the conditions of the Plaintiff's employment and create an abusive working environment."[33] Defendant reavers that Curry's allegations of few, unspecified, suggestive remarks and one occasion of hair-touching do not suggest a workplace permeated with discriminatory intimidation, ridicule, and insult that were sufficiently severe or pervasive.[34]

Defendant also argues that Curry's opposition makes irrelevant accusations and other claims not asserted in her complaint, including an allegation that Defendant failed to take prompt remedial action after Curry allegedly reported the alleged sexual harassment.[35] According to Defendant, such an allegation is immaterial to determining whether the alleged conduct was sufficiently severe or pervasive.[36] Moreover, Defendant contends, Curry's un-pled allegation that a warrant was issued for the arrest of the co-worker is inappropriate and unfounded.[37] Even taken as true, Defendant argues, the statement does not establish that sexual harassment occurred.[38]

### III. Applicable Law

Federal Rule of Civil Procedure 12(b)(6) provides that, in response "to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim" the pleader may raise

---

[33] *Id.*

[34] *Id.* at pp. 3–4.

[35] *Id.* at p. 4.

[36] *Id.*

[37] *Id.* at p. 5.

[38] *Id.*

by motion the defense of "failure to state a claim upon which relief may be granted."[39]   In considering a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'"[40] "[T]he plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face'" in order to survive a Rule 12(b)(6) motion to dismiss.[41]  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."[42] Generally, a court should not dismiss an action for failure to state a claim under Rule 12(b)(6) without giving plaintiff "at least one chance to amend."[43]

The Supreme Court in *Swierkiewicz v. Sorema N.A.* spoke to the pleading requirement in employment discrimination cases.[44] The Court held that a complaint need not contain specific facts that would establish a *prima facie* case of discrimination under the framework of *McDonnell Douglas Corp. v. Green*.[45] Instead, the Court held that all that is required in a complaint is a "short and plain statement of the claim showing that the pleader is entitled to relief" as required by Rule 8(a)(2), providing the defendant with "fair notice" of the plaintiff's basis for relief.[46] The Supreme

---

[39] Fed. R. Civ. P. 12(b)(6).

[40] *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)).

[41] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007).

[42] Id. at 1965 (quotation marks, citations, and footnote omitted).

[43] *Hernandez v. Ikon Ofc. Solutions, Inc.*, 306 F. App'x 180, 182 (5th Cir. 2009); *accord Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002).

[44] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002).

[45] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[46] *Swierkiewicz*, 534 U.S. at 508, 514.

7

Court's holding in *Twombly* does not alter the requirements articulated in Swierkiewicz. In fact, the Court in *Twombly* explicitly reaffirmed its holding in *Swierkiewicz* when it noted that the Court does "not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face."[47]

## IV. Analysis

Curry's complaint does not indicate under which discrimination law she seeks to bring suit. However, since she alleges race discrimination and sexual harassment in the workplace, it appears that Title VII is the applicable law in this case. Title VII states that an employer cannot discriminate on the basis of an individual's "race, color, religion, sex, or national origin."[48]

### A.    *Race discrimination Claim*

Curry appears to allege that she was terminated because of her race, and that Defendant failed to investigate or address her alleged sexual harassment claims because of her race.[49] The only facts alleged in the complaint to support either claim is that "the employer advised Curry that 'we can't have you people doing these things in our store'" prior to terminating her, and that Curry is African American.[50]

To establish a *prima facie* case of race discrimination, a plaintiff may prove a claim of intentional discrimination either by direct or circumstantial evidence. Under the *McDonnell Douglas Corp. v. Green* framework, a plaintiff must prove the following: (1) she is a member of a protected

---

[47] *Twombly*, 127 S.Ct. at 1973–74.

[48] 42 U.S.C. § 2000e–2 (West 2014).

[49] Rec. Doc. 1 at ¶¶ 8–9 (alleging that "[t]he actions of [Defendant] constitute ... racial discrimination as petitioner is African American").

[50] *Id.*

class; (2) she is qualified for the position; (3) she was subject to an adverse employment action; and (4) she was replaced by someone outside the protected class or show that similarly situated employees were treated more favorably.[51]   As stated above, the U.S. Supreme Court and the Fifth Circuit have clearly stated that a plaintiff need not establish a *prima facie* case of discrimination to survive a Rule 12(b)(6) motion to dismiss.[52]   Plaintiff must simply plead a plausible claim.[53] However, "the prima facie elements are not entirely irrelevant, and no plaintiff  is exempt from his obligation to allege sufficient facts to state all elements of his claim . . . Instead, the alleged facts must also be sufficient to at least create an inference that the plaintiff was discriminated against due to his race."[54]

Here, Curry alleges that she is a member of a protected class – namely, that she is an African American. She has also pleaded factual allegations regarding her qualifications: she has never had any adverse action taken against her by Defendant.[55]   In addition, she alleges that she was terminated, which in law constitutes an adverse employment action.[56]

As for the fourth prong of the *prima facie* test, however, Curry has not alleged that she was

---

[51] *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.2007); see also *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 404 (5th Cir.1999) (§ 1981); Mbarika v. Bd. of Supervisors of La. State Univ., 992 So.2d 551, 562 (La.App. 1 Cir.2008) (LEDL).

[52] *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–12 (2002); *Raj v. La. State Univ.*, 714 F.3d 322, 330 (5th Cir. 2013) (noting that the district court erred by "improperly substituting an 'evidentiary standard' for a 'pleading requirement'").

[53] *EEOC v. Bass Pro Outdoor World, LLC*, No. 11–3425, 2013 WL 1124063, at *5 (S.D.Tex. Mar. 18, 2012) (recognizing that at the 12(b)(6) stage, the court does not require the plaintiff to plead a prima facie case).

[54] *Wesley v. Scobee Foods, Inc.*, 2013 WL 3324092, at *4 n. 6 (N.D. Tex. June 28, 2013).

[55] Rec. Doc. 1 at ¶ 3.

[56] *See Pegram v. Honeywell, Inc.*, 361 F.3d 272, 282–83 (5th Cir. 2004) ("It is beyond dispute that a termination constitutes an adverse employment action.").

replaced by someone outside her protected group or that she was treated less favorably than other similarly situated employees outside the protected group.[57]  In fact, Curry has not alleged that she was treated differently from any other employee, nor has she alleged any facts that might support that inference. Moreover, the complaint does not allege the race of the co-worker who allegedly harassed her, so the Court cannot determine whether the co-employee was outside of Curry's protected class, let alone whether he was treated more favorably than her.

Finally, to the extent that Curry relies on the single statement allegedly made by "the employer" that "we can't have you people doing these things in our store"[58] as direct evidence of racial discrimination, other courts in the Fifth Circuit have dismissed similar claims under Rule 12(b)(6) where the only perceived conduct alleged in the complaint was a single incident or offensive remark.[59] Accordingly, even accepting all well-pleaded facts as true and in a light most favorable to the plaintiff, the Court finds that Curry has not pled sufficient facts to state a claim for race discrimination that "is plausible on its face."[60]

**B.**    ***Sexual Harassment Claim***

Title VII makes it "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of

---

[57] *McCoy*, 492 F.3d at 556 (emphasis added).

[58] Rec. Doc. 1 at  ¶ 8.

[59] See, e.g., *Wilson–Robinson v. Our Lady of the Lake Regional Medical Center, Inc*., 2011 WL 6046984 at *3 (M.D.La. Dec. 6, 2011) ("[t]he solitary, isolated utterance of a single racial slur, standing alone, is not sufficiently severe or pervasive to create Title VII liability...."); *Fisher v. Dallas Cnty*., 2014 WL 4797006 at *5 (N.D.Tex. Sept. 26, 2014) (granting Rule 12(b)(6) motion to dismiss because "a single instance of a racial slur [ ] is insufficient to allege a plausible claim" of racial harassment); *Melson v. Chetofield*,  2009 WL 537457 at *5 (E.D.La. March 4, 2009) (Vance, J.) (dismissing disability harassment claim under Rule 12(b)(6) because the single insult alleged by plaintiff "was the disability equivalent of a racial epithet or slur, and this is not enough to state a claim.").

[60] See *Twombly*, 127 S.Ct. at 1974.

employment, because of such individual's . . . sex."[61] Harassment is a form of discrimination affecting terms, conditions, and privileges of employment.[62] There are two forms of harassment: quid pro quo and hostile work environment.[63] Curry does not allege that Defendant took a tangible employment action that was conditioned on sexual favors; therefore, Curry does not have a claim for quid pro quo harassment. Therefore, the Court proceeds with a hostile work environment analysis.

> A claim for sex discrimination under a theory of hostile work environment exists when:
>
> (1) [the plaintiff] belongs to a protected group, (2) she was subject to unwelcome sexual harassment, (3) the harassment complained of was based upon sex; (4) the harassment complained of affected a term, condition, or privilege of employment (i.e., that the sexual harassment was so pervasive or severe as to alter her conditions of employment and create an abusive working environment); and (5) the employer knew or should have known about the harassment and failed to take proper action.[64]

Defendant only challenges the objective component of the analysis, arguing that the co-worker's conduct was not so severe or pervasive so as to be actionable. In support of this argument, Defendant cites numerous summary judgment cases in which courts analyzed whether factual allegations and evidence were sufficient to create a *prima facie* hostile work environment claim.[65] Because the standard for granting a motion for summary judgment differs greatly from the standard for granting

---

[61] *Shepherd v. Comptroller of Pub. Accounts of State of Texas*, 168 F.3d 871, 873 (5th Cir. 1999).

[62] See *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 63–64 (1986).

[63] See *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 409 (5th Cir. 2002).

[64] *Farpella–Crosby v. Horizon Health Care*, 97 F.3d 803, 806 (5th Cir. 1996); see also See *Harris v. Forklift Sys. Inc.*, 510 U.S. 17, 22 (1993) (recognizing a Title VII claim for sex discrimination based on a hostile work environment theory).

[65] *See, e.g.*, *Chelette v. State Farm Mut. Auto. Ins. Co.*, 2006 WL 2513918, at *1 (W.D. La. Aug. 29, 2006); *Combs v. Exxon Mobile Corp.*, 2007 WL 3353504, at *1 (M.D. La. Nov. 7, 2007); *Hockman v. Westward Commc'ns, LLC*, 407 F.3d 317 (5th Cir. 2004); *Derouen v. Carquest Auto Parts*, 275 F.3d 42 (5th Cir. 2001)*; E.E.O.C. v. Rite Aid Corp.*,2004 WL 1488578, at *1 (E.D. La. June 30, 2004); *Paul v. Northrop Grumman Ship Sys.*, 309 Fed.Appx. 825 (5th Cir. 2009).

a motion to dismiss pursuant to Rule 12(b)(6), the Court finds that none of the cited cases apply to the instant motion.

To constitute "pervasive or severe" harassment, the conduct complained of must be both subjectively perceived as abusive by the plaintiff and objectively hostile or abusive under a reasonable person standard.[66] In determining if conduct is severe or pervasive, the Court should consider the totality of the circumstances, "including the frequency of the discriminatory conduct, its severity, whether it is physically threatening or humiliating, or a mere offensive utterance, and whether it unreasonably interferes with an employee's work performance."[67] Moreover, "[i]ncidental, occasional or merely playful sexual utterances will rarely poison the employee's working conditions to the extent demanded for liability. Discourtesy or rudeness, 'offhand comments and isolated incidents (unless extremely serious) will not amount to discriminatory changes in 'terms and conditions of employment.'"[68] The "severe or pervasive" standard is intended to filter out complaints attacking "the ordinary tribulations of the workplace, such as the sporadic use of abusive language, gender-related jokes, and occasional teasing."[69]

In this case, Curry has failed to allege sufficient facts to establish that the conduct at issue

---

[66] *Harris*, 510 U.S. at 21–22; *Aryain*, 534 F.3d.

[67] *Shepherd*, 168 F.3d at 874.  See, e.g., *Royal v. CCC & R Arboles, L.L.C.*, 736 F.3d 396, 401–02 (5th Cir. 2013) (evidence of "[t]he sniffing and hovering over a woman, by two men, in a small, confined space" and comment that defendant "needed a release" sufficed to create jury question on plaintiff's hostile work environment claim); *Steward v. Caton*, 2013 WL 4459981, at *7 (E.D. La. Aug. 16, 2013) (plaintiff sufficiently pleaded hostile work environment claim when plaintiff alleged that defendant "lifted her shirt and touched her breasts, installed cameras to look down her shirt, and made repeated comments of a sexual and/or derogatory nature"); *E.E.O.C. v. Jamal & Kamal, Inc.*, 2006 WL 285143, at *2 (E.D. La. Feb. 7, 2006) (denying defendant's motion to dismiss when plaintiff alleged "unwelcome and offensive sexual overtures, the initiation of graphic, sexually-oriented conversations, and touching and rubbing").

[68] *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999).

[69] *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (citation omitted).

affected a term, condition, or privilege of employment (i.e., that the alleged sexual harassment was so pervasive or severe as to alter her conditions of employment and create an abusive working environment). Curry alleges only that "[o]n several occasions a co-employee made unwanted remarks towards petitioner which were sexually suggestive."[70] The complaint does not plead any facts alleging the frequency or content of these remarks, nor does it allege the identity of the co-worker.[71] Curry also alleges that the co-worker touched her hair on one occasion. Although touching of intimate body parts can constitute sexual harassment,[72] Curry cites no legal authority for her argument that a single instance of touching of her hair can also constitute sexual harassment. The conduct alleged in the complaint does not state a claim for sexual harassment upon which relief may be granted.

For the foregoing reasons, Curry has failed to state a claim for either racial discrimination or sexual harassment pursuant to Rule 12(b)(6). Under Federal Rule of Civil Procedure 15(a), a court should "freely give leave [to amend a complaint] when justice so requires."[73] Nevertheless, a party must "expressly request" leave to amend.[74] Although this request need not be contained in a formal motion, "[a] bare request in an opposition to a motion to dismiss – without any indication of the particular grounds on which the amendment is sought – does not constitute a motion within

---

[70] Rec. Doc. 1 at ¶ 4.

[71] *Id.*

[72] *See, e.g.*, *Harvill v. Westward Communications, L.L.C.*, 433 F.3d 428, 436 (5th Cir. 2005) ("Undoubtedly, the deliberate and unwanted touching of [plaintiff's] intimate body parts can constitute severe sexual harassment.") (citing *Worth v. Tyer*, 276 F.3d 249, 268 (7th Cir. 2001)  ("[D]irect contact with an intimate body part constitutes one of the most severe forms of sexual harassment.")).

[73] Fed. R. Civ. P. 15(a)(2).

[74] *Law v. Ocwen Loan Servicing, L.L.C.*, 587 Fed. Appx. 790, 796 (5th Cir. 2014) (per curiam) (citing *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).

the contemplation of Rule 15(a)."[75]  The Court has been provided no reason to believe that Curry could remedy the deficiencies in her complaint by amendment.

Here, Curry's memorandum in opposition to the pending motion contains no language that might be construed as a request for leave to amend her complaint, let alone *express* language requesting leave and indicating the particular grounds on which the amendment was sought. Curry has not filed a separate motion requesting leave to amend or offered a proposed amended complaint. Although she states in her briefing additional facts not presented in her complaint – namely, that she called the Jefferson Parish Sheriff's office and "[a]n outstanding warrant for the arrest of the co-worker remains in place"[76] – these  facts, even if properly pled, do not remedy the deficiencies in Curry's pleadings as identified above.  Considering that Curry has not requested leave to amend, the Court will not *sua sponte* grant her an opportunity to amend her complaint to state a viable claim where, as here, amendment appears futile.[77]

## V. Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's "Motion to Dismiss Pursuant to Rule 12(b)(6)"[78] is **GRANTED.**

**NEW ORLEANS, LOUISIANA**, this  __8th__  day of May, 2015.

*Nannette Jolivette Brown*
_____
**NANNETTE JOLIVETTE BROWN**
**UNITED STATES DISTRICT JUDGE**

---

[75] *Willard*, 336 F.3d at 387.

[76] Rec. Doc. 5 at p. 2.

[77] *See  Willard*, 336 F.3d at 387.

[78] Rec. Doc. 4.